PETE LUJAN # 55437
Full Name/Prisoner Number

185 Dr. Michael Jenkins Rd.
Clayton, New Mexico 88415
Complete Mailing Address

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 12 2018

MATTHEW J. DYKMAN
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 18 CV 239 WPJ/JHR
(To be supplied by the Court)

PETE LUJAN # 55437
_____, Plaintiff(s),
Full name(s) and prisoner number(s)
(Do not use *et al.*)

v.

CORIZON HEALTH CARE

CENTURIAN CORRECTIONAL HEALTH CARE, Defendant(s).
(Do not use *et al.*)

## PRISONER'S CIVIL RIGHTS COMPLAINT

### A. PARTIES AND JURISDICTION

1. PETE LUJAN is a citizen of NEW MEXICO who
   (Plaintiff)                              (State)

presently resides at 185 Dr. Michael Jenkins Rd. Clayton, N.M. 88415.
(mailing address or place of confinement)

2. Defendant CORIZON HEALTH CARE is a citizen of TENN.
   (name of first defendant)                      (State)

whose address is 103 Powell Court, Brentwood, TN. 37027,

and who is employed as MEDICAL Provider. At the time the claim(s)
(title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
   ✓ Yes ___ No. If your answer is "Yes," briefly explain:
They were the Medical provider Contracted through the State to provide Medical Care to all State prisoners within New Mexico as well many other States.

3. Defendant **CENTURIAN CORR. HEALTH CARE** is a citizen of **Mo./NM**
(name of second defendant)                                    (State)

whose address is **4337 NM Hwy. 14, Santa Fe, NM 87505**

and who is employed as **MEDICAL Provider**                . At the time the claim(s)
(title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
✓ Yes ___ No. If your answer is "Yes," briefly explain:

**They are The Medical provider Contracted through the State of NEW Mexico to provide Medical Care to all STATE prisoners.**

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

(CHECK ONE OR BOTH:)
   ✓   Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (for state defendants) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (for federal defendants).
   ___ Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____
_____

## B. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

**While at the OCPF (Otero county prison Facility) From Approx. 2-12-15 until I was Transfered out of the Facility on Approx. February 22nd, 2018 I received inadequate and improper Medical Care resulting in wanton severe pain, suffering, loss of teeth, severe bleeding from untreated ulcer in stomach resulting in emergency surgery and hospitalization and refusal of medication for Acid Reflux.**

## C. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: **8th Amendment (Deliberate Indifference)**

_____
_____

## Legal Authority

To establish a violation of the Eighth Amendment, it is necessary to show two things:

1. A deprivation of a basic human need (such as food, clothing, shelter, exercise, medical care, or reasonable safety), an objective element. Helling v. McKinney, 509 U.S. 25, 31-32 (1993) The Eighth Amendment protects against conditions that pose an unreasonable risk of future harm, as well as those that are currently causing harm. Helling, 509 U.S. at 33.

2. "Deliberate indifference" on the part of one or more defendants, a subjective element. Seiter, 501 U.S. at 303. "Deliberate indifference" is a subjective, actual-knowledge standard. Farmer v. Brennan, 511 U.S. 825, 837 (1994) "Deliberate indifference to serious medical needs" violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Mere medical malpractice does not. Id. at 106. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 209 F.3d 732, 744 (9th Cir. 2002) The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain". Estelle v. Gamble, 429 U.S. at 104. "A serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)

(con't.)

Medical conditions that fall well short of life threating can nevertheless constitute "serious medical needs," if they result in pain or loss of function. (See) <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th cir. 2005)

<u>The Eighth Amendment</u> requires that prison officials provide a system of ready access to adequate medical care. Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoners problems. It must be able to treat medical problems or to refer prisoners to others who can. Such other referrals may be to other physicians within the prison, or to physicians or facilities outside the prison if there is reasonably speedy access to these other physicians or facilities.

Because of a failure to inquire into facts necessary to make a professional judgement plaintiff continued to suffer pain from an earlier attack as a detainee which left him with a severely broken leg. <u>Inmates of Occoquan v. Barry</u>, 717 F. Supp. 854, 867-68 (D.D.C. 1989) (Failure to perform adequate health screening on intake).

<u>Interference with medical judgement by non medical factors</u>. (See) <u>Berry v. Peterman</u>, 604 F.3d 435, 441 (7th cir. 2010) (choise of "easier and less efficacious Treatment" for severe tooth pain can amount to deliberate indifference. <u>Greeno v. Daley</u>, 414 F.3d 645, 654 (7th cir. 2005)(Treatment "so blatantly inappropriate as to evidence intentional mistreatment

2.

(con't.)

likely to seriously aggravate (plaintiff's) condition"); Id at 655 (doggedly persist(ing) in a course of treatment known to be ineffective."); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience" constitutes deliberate indifference. <u>Hughes vs. Joliet Corr. Center</u>, 931 F.2d 425, 428 (7th Cir. 1991)(evidence that medical staff treated the plaintiff "not as a patient, but as a nuisance").

<u>Dental Care</u>

"Dental care is one of the most important medical needs of inmates". <u>Ramos v. Lamm</u>, 639 F.2d 559, 576 (10th Cir. 1980); <u>accord Flanory v. Bonn</u>, 604 F.3d 249, 253 (6th Cir. 2010); <u>Wynn v. Southward</u>, 251 3d 588, 593 (7th Cir. 2001); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989); <u>Mosby v. Cavey</u>, 686 F. Supp. 2d 868 (W.D. Wis. 2010)

"Dental Care" that consists of pulling teeth that can be saved is constitutionally inadequate. <u>Chance v. Armstrong</u>, 143 F.3d 698, 700-02 (2d Cir. 1998); <u>Dean v. Coughlin</u>, 623 F. Supp. 392, 405 (S.D.N.Y. 1985) <u>Heitman v. Gabriel</u>, 524 F. Supp. 622, 627 (W.D. Mo. 1981).

Delays in dental care can also violate the Eighth Amendment, particularly if the prisoner is suffering pain in the interim. <u>Hartsfield v. Colburn</u>, 371 F.3d 454, 457 (8th Cir. 2004)(six weeks); <u>Cancell v. Bradshaw</u>, 840 F. Supp. 1382, 1387, 1393 (D. Or. 1993), <u>aff'd</u>, 97 F.3d 1458 (9th Cir. 1996)(several days);

3.

(con't.)

Fields v. Gander, 734 F.2d 1313, 1315 (8th Cir. 1984) (three weeks); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003)

4.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) CORIZON delayed, denied and interfered with my treatment for a Hernia, dental care, and a broken leg from a previous attack while a pre-detainee. As a result, I have and still continue to suffer pain from the HERNIA, leg. Teeth were pulled when it wasn't necessary due to delay of care, treatment. CenteriAN took over as STATE provider for Corizon approx. 2016-17 and still failed to treat my medical needs when brought to them.

**Claim II:** 14th AMENDMENT (Equal protection under the law)

Supporting Facts: Both Corizon and CenteriAN violated my Fourteenth Amendment Right because they failed, refused to give me the same type of medical care and treatment that would be given to any other person not confined.

3

**Claim III:** _____
_____
_____

Supporting Facts:

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?  ___Yes  ✓No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

    Plaintiff(s): _____ n/a _____

    Defendant(s): _____

b. Name and location of court and docket number _____

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
_____

d. Issues raised: _____ n/a _____

e. Approximate date of filing lawsuit: _____

f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.  ___Yes  ___No.

If your answer is "Yes," briefly describe how relief was sought and the results.


3. I have exhausted available administrative remedies.  ✓Yes  ___ No. If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No," briefly explain why administrative remedies were not exhausted.

4

### E. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit:

   Plaintiff(s): _____N/A_____

   Defendant(s): _____N/A_____

b. Name and location of court and docket number _____N/A_____

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: _____N/A_____

e. Approximate date of disposition: _____N/A_____


2. Are you in imminent danger of serious physical injury? ____ Yes  ✓ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.


### G. REQUEST FOR RELIEF

I request the following relief:

5

**Prisoner's Original Signature**          Original signature of attorney (if any)

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _185 Dr. Michael Jenkins Rd., Clayton N.M._ on _____ _2018_.
                            (location)                                      (date)

_____
Prisoner's Original Signature

PETE LUJAN # 55437
85 Dr. MICHAEL JENKINS Rd.
Clayton, New Mexico 88415

Legal Mail



RECEIVED
At Albuquerque NM

MAR 12 2018

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT
DISTRICT FOR NEW MEXICO
OFFICE OF THE CLERK
SUITE 270
333 LOMAS Blvd. N.W.
ALBUQUERQUE, NEW MEXICO
87102

Hasler
03/09/2018
US POSTAGE $000.89⁰
FIRST-CLASS MAIL
ZIP 88415
011D11653958