# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETE LUJAN,

    Plaintiff,

vs.                                                                 No. 18-cv-239 WJ/JHR

CORIZON HEALTH CARE and
CENTURIAN CORRECTIONAL HEALTH CARE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *pro se* Prisoner Civil Rights Complaint (Doc. 1). Also before the Court is his Motion to Compel Relief (Doc. 11). Plaintiff is incarcerated and proceeding *in forma pauperis*. He contends prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss the Complaint, deny the motion, and grant leave to amend.

## BACKGROUND

Plaintiff is incarcerated at the Northeastern New Mexico Detention Facility. He alleges that between February 12, 2015 and February 22, 2018, Defendants Corizon Health Care and Centurian Correctional Health Care provided inadequate medical care. The Complaint contains two paragraphs of factual averments. In the first paragraph, Plaintiff alleges he lost teeth, experienced acid reflux, and suffered bleeding from an untreated stomach ulcer, which later required an emergency surgery. (Doc. 1 at 2). In the second paragraph, Plaintiff alleges

Defendants failed to treat his hernia and leg fracture, which still causes pain. He also complains of inadequate dental care, and alleges Corizon "pulled teeth when it wasn't necessary due to delay of treatment." (Doc. 1 at 7). The Complaint does not specify what relief, if any, Plaintiff seeks as a result of the alleged constitutional violations.

## DISCUSSION

When a plaintiff is incarcerated, 28 U.S.C. § 1915A requires the Court to dismiss any claims that "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). In other words, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court should overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

The Complaint raises claims under the Eighth Amendment and 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).

2

The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Court finds the Complaint fails to state a cognizable claim against Corizon or Centurian. A private corporation performing a government function is only liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff has not alleged either Defendant deprived him of his constitutional rights pursuant to an official corporate policy or custom.

Further, even if Plaintiff identified any "persons" subject to liability, his allegations are insufficient to establish a constitutional violation. Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). "The 'substantial harm requirement' can be met by showing 'lifelong handicap, permanent loss, or considerable pain.'" *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The subjective component is met where "the official was subjectively aware of the risk,' . . . and that the official 'recklessly disregard[ed] that risk.'" *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted). The allegations here are far too general to determine if Plaintiff was seriously harmed or whether, and to what extent, any prison official was aware of the risk.

Based on the foregoing, the Court will dismiss the Complaint but allow Plaintiff to file an

amended complaint within thirty (30) days of entry of this Order. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). Plaintiff is warned that any amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

It is **ORDERED** that Plaintiff's Motion to Compel Relief (**Doc. 11**) is DENIED; and his Civil Rights Complaint (**Doc. 1**) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915.

It is **FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of entry of this order.

_____
CHIEF UNITED STATES DISTRICT JUDGE