# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETE LUJAN,

    Plaintiff,

vs.                                                                No. 18-cv-239 WJ/JHR

CORIZON HEALTH CARE, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 13**). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis.* For the reasons set out below, the Court will dismiss the Amended Complaint for failure to state a claim.

Plaintiff is an inmate at the Northeast New Mexico Detention Facility (NNMDF). He filed his original complaint on March 12, 2018 (**Doc. 1**). He alleged that between February 12, 2015 and February 22, 2018, Corizon Health Care (Corizon) and Centurian Correctional Health Care (Centurian) provided inadequate medical care. Plaintiff purportedly lost teeth, experienced acid reflux, and suffered bleeding from an untreated stomach ulcer, which later required an emergency surgery. Defendants also allegedly failed to treat his hernia and leg fracture, which still cause pain.

The Court screened the complaint pursuant to 28 U.S.C. § 1915 and determined it failed to state a claim against either Defendant. (**Doc. 12**). Specifically, Plaintiff failed to allege that Corizon or Centurian deprived him of his constitutional rights pursuant to an official policy or custom. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link

between the policy or custom and the injury alleged."). The Court alternatively observed that, even if Plaintiff identified the individual wrongdoers, the original complaint did not establish an Eighth Amendment violation. The allegations were too general to discern whether Plaintiff was seriously harmed or whether any medical provider was subjectively aware of the risk. *See Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). For these reasons, the Court dismissed the original complaint without prejudice.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days to cure the above pleading defects. He timely filed an Amended Complaint, which again only names Corizon and Centurian. (**Doc. 13 at 1, 18**). Plaintiff contends he cannot name any individual wrongdoers because an unnamed medical administrator failed to provide a "daily roster of medical staff" who worked at NNMDF "from 2-12-2015 to 2-22-2018." *Id.* at 2. This explanation does not excuse Plaintiff from naming an individual subject to liability under § 1983. Although there may be situations where the wrongdoer is easily discoverable, even though the plaintiff does not know their name (*e.g.*, the prison doctor working at one specific date and time), the Court cannot allow a case to survive screening so that an inmate can sue every yet-to-be-identified medical provider who worked during a three-year period.

Plaintiff also concedes that he cannot show the constitutional violation is traceable to a policy by Defendants Corizon or Centurian. Plaintiff notes he does not have access to their contracts with NNMDF, and he is therefore not familiar with their policies. (**Doc. 13 at 4**). The rule requiring plaintiffs to point to a corporate policy is part of the pleading standard under 42 U.S.C. § 1983 and Fed. R. Civ. P. 12(b)(6). *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-95 (1978); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.

2

2003) (citations omitted). A plaintiff must satisfy the pleading standards of any given claim before engaging in discovery or reviewing the defendants' contracts. Therefore, any claims against Corizon and Centurian fail, notwithstanding the fact that Plaintiff has not reviewed their contracts with NNMDF.

Based on the foregoing, the Amended Complaint will be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6). The Court will also deny Plaintiff's Motion for Default Judgment (**Doc. 14**), which is now moot. The dismissal constitutes a prior-occurrence strike under 28 U.S.C. § 1915(g). *See Hafed v. Burea of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that that the dismissal of "an action or appeal . . . as frivolous, as malicious, or for failure to state a claim" under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b) "counts as a strike"). If Plaintiff accrues three strikes, he may not proceed *in forma pauperis* in the federal courts "while incarcerated or detained in any facility" unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (**Doc. 14**) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Amended Civil Rights Complaint (**Doc. 13**) is **DISMISSED with prejudice** pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6); and the Court will enter a separate judgment resolving the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE