## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

PETE LUJAN,

      Plaintiff,

vs.                                                                      No. 18-CV-00239 WJ/JHR

CORIZON HEALTH CARE, and
CENTURIAN CORRECTIONAL HEALTH CARE,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER DENYING PENDING MOTIONS</u>

THIS MATTER is before the Court on the Motion for Enlargement (Doc. 19), Motion for Appointment of Counsel (Doc. 20) and Motion for Appointment of Counsel (Doc. 24) filed by Plaintiff, Pete Lujan.  The Court will deny the pending Motions.

This Court dismissed Plaintiff's original Prisoner's Civil Rights Complaint for failure to state a claim on which relief could be granted but gave Plaintiff the opportunity to file an amended complaint to remedy the defects in his pleading.  (Doc. 12).  Plaintiff did file an Amended Complaint, but that complaint was similarly deficient.  (Doc. 13).  On February 5, 2020 the Court dismissed Plaintiff's Amended Complaint with prejudice for failure to state a claim for relief. (Doc. 17, 18).  In dismissing the Amended Complaint, the Court imposed a "strike" under 28 U.S.C. § 1915(g) and notified Plaintiff Lujan that if he accrues three strikes, he may not proceed _in forma pauperis_ in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g). (Doc. 17 at 3).

On March 9, 2020, Plaintiff Lujan filed his Motion for Enlargement.  (Doc. 19).  In his Motion for Enlargement, he seeks 120 days to show that he is "under imminent danger of physical

injury." (Doc. 19 at 1). The current statute governing *in forma pauperis* proceedings is 28 U.S.C. § 1915. Section 1915(a)(1) permits an individual to litigate a federal action *in forma pauperis* if the individual files an affidavit stating that he or she is unable to prepay fees or give security for those fees. The statute also mandatorily requires the court to dismiss the case at any time if the court determines that (1) the allegations of poverty are untrue or (2) the action or appeal is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). The "Three Strikes Rule" is set out in 28 U.S.C. § 1915(g). That section states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court imposed a "strike" against Plaintiff Lujan in this case because his complaint was dismissed under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted. However, Plaintiff Lujan has not yet accrued three strikes under § 1915(g) and the Court has not ordered him to show cause under § 1915(g). Nor may he proceed further in this case by showing that he is in imminent danger of physical injury. Because Plaintiff has not been ordered to show cause and does not have three strikes, there is no time period to enlarge, and his request to enlarge is moot based on the dismissal of his case. Therefore, the Court will deny his Motion for Enlargement as unnecessary and moot.

Plaintiff Lujan has also filed two Motions for Appointment of Counsel. (Doc. 20, 24). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections*

*Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff Lujan appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter,* 52 F.3d 874, 878 (10th Cir. 1995). Moreover, because his case has been dismissed, his requests for appointment of counsel are also moot.   Therefore, the Court will deny the Motions for Appointment of Counsel.

   **IT IS ORDERED:**

     (1)  the Motion for Enlargement filed by Plaintiff Pete Lujan (Doc. 19) is **DENIED** as unnecessary and moot; and

     (2)  the Motion for Appointment of Counsel (Doc. 20) and Motion for Appointment of Counsel (Doc. 24) filed by Plaintiff Pete Lujan are also **DENIED**.

CHIEF UNITED STATES DISTRICT JUDGE